Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Justin C. Valencia, Trial Attorney
State Bar No. NE 25375 | State Bar No. IA AT0012006
United States Department of Justice
Office of the U.S. Trustee
300 Las Vegas Boulevard So., Suite 4300
Las Vegas, Nevada 89101
Telephone: (702) 388-6600
Facsimile: (702) 388-6658
Email: justin.c.valencia@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| In re:<br><br>ANNIVERSARY MINING CLAIMS, LLC,<br><br>Debtor(s). | Case No. 23-13875-ABL<br>Chapter 11<br><br>Hearing Date: December 8, 2023<br>Hearing Time: 1:30 p.m.<br>Tel. Conference Line: (669) 254-5252<br>Meeting ID: 161 110 6049<br>Passcode: 154251#<br>Est. Time: 10 minutes |
|---|---|

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO**
**11 U.S.C. § 1112(b) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE**
**1017(f) AND 9014, TO DISMISS OR CONVERT CHAPTER 11 CASE**

Tracy Hope Davis, United States Trustee for Region 17 ("U.S. Trustee"), by and through her undersigned counsel, hereby files this *Motion of the United States Trustee, Pursuant to 11 U.S.C. § 1112(b) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014, to Dismiss or Convert Chapter 11 Case* (the "Motion").[1]

---

[1] Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. "FRE" refers to the Federal Rules of Evidence; "LR" refers to the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada; and "ECF No." refers to the electronic case filings in the above-captioned case, unless otherwise noted.

1

**INTRODUCTION**

The U.S. Trustee seeks the conversion or dismissal of the above-captioned case filed by Debtor, Anniversary Mining Claims, LLC, (the "Debtor").

"Cause" exists to convert or dismiss this chapter 11 case for several reasons. First, the Debtor has failed to file a status report required by court order. Second, the Debtor has failed to file a monthly operating report (the "MOR"). Third, Debtor's representative, Robert Ford (the "Debtor's Representative"), has failed to attend the Section 341 Meeting of Creditors twice. Fourth, the Debtor has failed to timely provide documents reasonably requested by the U.S. Trustee and has failed to attend the Initial Debtor Interview (the "IDI") twice. Fifth, the Debtor has failed to pay fees owed to the U.S. Trustee in the amount of $250.00 for the third quarter 2023. Finally, the Debtor has failed to expeditiously prosecute this bankruptcy case. For these reasons, the U.S. Trustee has established cause to dismiss this case pursuant to Sections 1112(b)(1), (4).

The U.S. Trustee reserves rights to take any action necessary under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the U.S. Bankruptcy Court for the District of Nevada.

The Motion is supported by the following Memorandum of Points and Authorities and the Declaration of U.S. Trustee Bankruptcy Auditor, Carla K. Cordero (the "Cordero Decl.").

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    BACKGROUND FACTS AND PROCEDURAL POSTURE**

1.    On September 7, 2023, the Debtor filed a voluntary chapter 11 bankruptcy petition ("Petition"). [ECF No. 1]. The Debtor's Representative signed the voluntary petition under oath,

---

The U.S. Trustee respectfully requests that the Court take judicial notice of the Debtor's pleadings and documents filed in the above-captioned case which are in the Court's file in this case pursuant to FRE 201, as made applicable by FRBP 9017. The information contained in these documents, signed under penalty of perjury by Debtor's Representative, are admissions of Debtor pursuant to FRBP 9017 and FRE 801(d).

1  checking the box that no bankruptcy cases were pending of an affiliate of the Debtor, while also

2  checking the box that a bankruptcy case concerning Debtor's affiliate is pending in this district.

3  [*Id*. at Sec. 10, 11, 17].[2]

4

5  2.    Michael Harker of the Law Office of Michael J. Harker is proposed Debtor's

6  Counsel. [*Id*. at Sec. 18]. No employment application has been filed in the above-captioned case as

7  of the date of this Motion. [*See* Bankruptcy Docket *generally*].

8  3.    The Debtor's Schedule A/B reveals that it has a 2005 Air Burner 327 Air Curtain

9  Fire Box valued at unknown; a 1977 Caterpillar 988B Wheel Loader valued at $25,000; and a

10 1986 Caterpillar Excavator/Bucket valued at $12,000. [*See* ECF No. 1, at p. 11 of 35 of the .pdf].

11 The Debtor's amended Schedule A/B further reveals "Misc. equipment and materials" valued at

12 $345,900. [*See* ECF No. 21 at p. 2 of 5 of the .pdf]. The Debtor also lists various real property

13 interests held in fee simple and a cause of action against a third party. [*See* ECF No. 1 at pp. 12-13;

14 *see also* ECF No. 21 at pp. 4-5].

15 4.    On September 11, 2023, the U.S. Trustee emailed proposed Debtor's Counsel

16 scheduling the IDI for October 5, 2023, and requesting various documents (the "Requested

17 Documents") in preparation for the IDI. [*See* Cordero Decl.].[3]  The Debtor, through the Debtor's

---

[2] A party-in-interest filed a *Notice of Related Cases* on September 11, 2023, stating that the above-captioned case is related to *In re: Arts District Real Estate #1, LLC* (Case No. 23-10963-abl), and are affiliates as defined under 11 U.S.C. § 101(2)(B). [*See* ECF No. 10]. The notice further stated that Robert Ford (Debtor's Representative) is the managing member and 100% owner of both debtors. [*Id.*].

[3] Attached to the email was the *United States Trustee Chapter 11 Operating and Reporting Guidelines for Debtors in Possession (Revised March 31, 2023)*. See "Guidelines" at https://www.justice.gov/ust-regions-r17/file/guidelines.pdf/download (last visited November 1, 2023). Therein, the Guidelines describe certain requirements of every chapter 11 debtor, including, closing bank accounts, providing evidence of a debtor-in-possession bank account, filing periodic financial reports, paying U.S. Trustee fees, and maintaining and providing the U.S. Trustee evidence of insurance. [*Id.*; *see also* Cordero Decl.].

3

Representative, has not provided the requested documents as of the date of this Motion. [*Id*.]. Debtor has also not filed a corporate resolution authorizing the bankruptcy filing. [*Id*.].

    5.    The U.S. Trustee held IDI 's on October 5, 2023, and October 19, 2023, and then re-scheduled the IDI again to November 13, 2023. [*See* Cordero Decl.]. The Debtor's Representative has not appeared at the IDI's. [*Id*.].

    6.    The Section 341 Meeting of Creditors was convened on October 12, 2023, and October 23, 2023, and continued to November 17, 2023. [*See* ECF Nos. 19, 22; *see also* Cordero Decl.]. The Debtor's Representative has not appeared and testified at any of the Section 341 Meeting of Creditors. [*Id*.].

    7.    The first MOR was due on October 21, 2023. [*See* Cordero Decl.]. The second MOR will become due on November 21, 2023. [*Id*.]. As of the date of this Motion, the Debtor, through the Debtor's Representative, has not filed the MOR for the month ending September 2023, which was due on October 21, 2023. [*See* Bankruptcy Docket *generally*; *see also* Cordero Decl.].

    8.    U.S. Trustee Quarterly Fees of $250.00 are due and owing for the third quarter 2023. [*See* Cordero Decl.]. To date, the fees have not been paid and are delinquent. [*Id*.].

    9.    The Court entered an *Order Scheduling Status Conference* on September 14, 2023, scheduling a status conference for October 18, 2023, and directing the Debtor to file a status report by Friday, October 13, 2023, at 5:00 p.m. [*See* ECF No. 14]. No status report has been filed by the Debtor as of the date of this Motion. [*See* Bankruptcy Docket *generally*].

**II.**    **JURISDICTION AND VENUE**

    10.    The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334(a), 1334(b), and 157(b).

    11.    The U.S. Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

4

12. The U.S. Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and FRBP 1017 and 9014.

13. Venue of this case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### III.    ARGUMENT & DISCUSSION

#### A.    Cause Exists Under 11 U.S.C. § 1112(b)(1) to Dismiss or Convert This Bankruptcy Case.

14. 11 U.S.C. § 1112(b)(1) provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

15. Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. United States Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for dismissal or conversion under § 1112(b). *Id.*

16. As movant, the U.S. Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). And, if a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

5

**B.     Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and (b)(4)(E) Because the Debtor Has Failed to Comply with an Order of the Court.**

17.    Section 1112(b)(4)(E) provides that cause for dismissal or conversion of a bankruptcy case includes the "failure to comply with an order of the court." The failure to comply need not be willful or an act of bad faith. *In re Asanda Air II, LLC*, No. 19-10404 (WHD), 2019 Bankr. LEXIS 1290, at *720 (Bankr. N.D. Ga. Apr. 24, 2019) (citing *In re Babayoff*, 445 B.R. 64, 80 (Bankr. E.D.N.Y. 2011)).

18.    The Court's Order Scheduling a Status Conference states:

> [O]n or before 5:00 p.m. prevailing Pacific Time on Friday, October 13, 2023, Debtor shall file a status report on efforts to develop a plan of reorganization, including as [sic] estimate of when a plan will be filed, and any reason why the filing of a plan may be delayed.

[*See* ECF No. 14, p. 1 of 2 of the .pdf].

19.    Here, the Debtor has failed to file a status report as required by the Court's Order Scheduling a Status Conference. [*See* ECF No. 14; *see also* Bankruptcy Docket *generally*].

20.    Accordingly, there is cause to dismiss or convert this cause pursuant to 11 U.S.C. § 1112(b)(4)(E).

**C.     Cause Exists Under 11 U.S.C. §1112(b)(4)(F) because Debtor Failed to File the MOR for the Month Ending September 2023.**

21.    "Cause," as used in Section 1112(b)(1), is defined in pertinent portions of Section 1112(b)(4) as follows:

> For purposes of this subsection, the term 'cause' includes—
>
> . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;
>
> . . .

11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

6

22. The Debtor has failed to file a MOR for the month of September 2023, which was due on October 21, 2023. [*See* Cordero Decl.]. MORs are required by applicable United States Trustee Guidelines, as well as the Bankruptcy Code and Rules. [4] As other Courts have held, monthly reports and the financial disclosures contained in them "are the life blood of the Chapter 11 process" and are more than "mere busy work." *YBA Nineteen, LLC v. IndyMac Venture, LLC (In re YBA Nineteen, LLC),* 505 B.R. 289, 303 (S.D. Cal. 2014) (citation omitted). *See also In re Berryhill*, 127 B.R. 427, 433 (Bankr. N.D. Ind. 1991) (citation omitted).

23. Even if the Debtor were now to file the September 2023 MOR that is past due, the Debtor's delay in filing would itself constitute cause to convert or dismiss this case under Section 1112(b).[5] Cause, as defined in Section 1112(b), includes the "unexcused failure to satisfy *timely* any filing or reporting requirement." 11 U.S.C. § 1112(b)(4)(F) (emphasis added). *In re Babayoff*, 445 B.R. 64, 81 (Bankr. E.D.N.Y. 2011) (finding cause to convert or dismiss under Section 1112(b) where debtor filed multiple monthly operating reports "in a single batch, weeks or months late").

24. Accordingly, there is cause to dismiss or convert this bankruptcy case pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(F).

///

---

[4] The Guidelines require debtors to file operating reports. [*Id.*]. *See also In re Whetten*, 473 B.R. 380, 383 (Bankr. D. Colo. 2012) ("The UST is charged with supervising the administration of Chapter 11 cases, including a debtor's performance of its statutory and fiduciary responsibilities. 28 U.S.C. § 586(a)(3). To perform this role, the U.S. Trustee has adopted reporting requirements embodied in its guidelines, which a debtor-in-possession is required to fulfill."). In addition, FRBP 2015(a)(2) and (3), and LR 2015.4 require the filing of periodic reports as the United States Trustee requires.

[5] Given the Debtor's failure to file an MOR, the United States Trustee reserves her rights to supplement her Motion in the event that the Debtor tardily files reports that support cause for conversion under Section 1112(b)(4)(A).

7

### D. Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and (b)(4)(G) Because the Debtor Failed to Attend the Section 341 Meeting of Creditors Twice.

25. Section 1112(b)(4)(G) provides that cause for dismissal or conversion of a Bankruptcy case includes the "failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor."

26. The Debtor failed to appear at the Section 341 Meeting of Creditors on October 12, 2023, and October 23, 2023. [*See* Cordero Decl.]. The Section 341 Meeting of Creditors was continued again and is presently scheduled for November 17, 2023. [*Id.*].

27. There is no indication that the Court has relieved the Debtor from appearing at the Section 341 Meeting of Creditors, nor has the Debtor shown evidence of good cause for failure to attend the initial and continued meetings. [*See* Bankruptcy Docket *generally*].

28. Accordingly, there is cause to dismiss or convert this cause pursuant to 11 U.S.C. § 1112(b)(4)(G).

### E. Cause Exists Under 11 U.S.C. §§ 1112(b)(1) and (b)(4)(H) Because the Debtor has Failed to Provide the IDI Documents Reasonably Requested by the U.S. Trustee and has Failed to Appear at two IDI's.

29. Section 1112(b)(4)(H) provides that cause for dismissal or conversion of a Bankruptcy case includes the "failure to timely provide information or attend meetings reasonably requested by the United States trustee."

30. The Office of the U.S. Trustee scheduled an initial debtor interview ("IDI") to be held on October 5, 2023, and requested Debtor to provide the Requested Documents no later than September 28, 2023. [*See* Cordero Decl.].

31. The IDI was held on October 5, 2033, and was continued to October 19, 2023, then continued again to November 13, 2023, due to the Debtor's Representative's failure to appear. [*Id.*].

8

32. The Debtor has failed to provide the Requested Documents requested in connection with the IDI. [*Id.*].

33. Accordingly, the request to produce the Requested Documents before that IDI meeting was reasonable and Debtor had reasonable time to respond. [*Id.*].

34. Because the Debtor has failed to respond to these reasonable requests for information, there is cause to convert this case pursuant to 11 U.S.C. § 1112(b)(4)(H).

F.   **Cause Exists Under 11 U.S.C. §1112(b)(4)(K) because of Debtor's Non-payment of United States Trustee's Quarterly Fees.**

35. The United States Trustee is authorized by law to collect a mandatory quarterly fee from every debtor who files a chapter 11 bankruptcy case. *See* 28 U.S.C. § 1930(a)(6); *Sanders v. United States Trustee (In re Sanders),* 2013 LEXIS 4681 at *27 (B.A.P. 9th Cir. April 11, 2013) *citing Tighe v. Celebrity Home Entm't, Inc. (In re Home Entm't, Inc.)*, 210 F.3d 995, 998 (9th Cir. 2000). Quarterly fees are calculated based on the amount of disbursements made by a debtor during each quarter that the case is pending. If a chapter 11 debtor makes no disbursements during any quarter, the minimum fee that must be paid is $250.00 for that quarter. *See* 28 U.S.C. §1930(a)(6), FRBP 2015(a)(5), and LR 2015.

36. "Cause" under 11 U.S.C. §1112(b)(4)(K) states that a case shall be converted or dismissed if a debtor has failed to pay any fees or charges required under 28 U.S.C. §123. The United States Trustee's quarterly fees are included in this section. *In re Sanders*, 2013 LEXIS 4681 at *15-16.

37. Debtor has failed to pay quarterly fees for the third quarter of 2023 in the estimated amount of $250.00.[6] [*See* Cordero Decl.].

---

[6] U.S. Trustee fees are only an estimate because the Debtor failed to file the September 2023 MOR. [*Id.*].

9

38. Accordingly, the Court should grant the relief requested in the Motion and enter an order dismissing or converting this case to Chapter 7.

G. **Cause Exists Under 11 U.S.C. § § 1112(b)(1) and 1112(b)(4) Because Debtor Has Failed to Expeditiously Prosecute this Bankruptcy Case.**

39. Cause to convert or dismiss a Chapter 11 case also included a debtor's failure to expeditiously prosecute its case. *In re Babayoff*, 445 B.R. at 79 (holding that because "[a] debtor's failure to make meaningful and substantive progress toward the confirmation of a plan . . . is nearly always prejudicial to creditors,] . . . a debtor cannot wallow in chapter 11.") (quotations and citations omitted); *In re Milford Conn. Assocs.*, L.P., 389 B.R. 303, 309 (Bankr. D. Conn. 2008) ("Chapter 11 debtors cannot 'have their care and eat it too'; the extraordinary relief provided by the bankruptcy laws comes with a priced . . . include[ing] the responsibility to pursue an open and expeditious reorganization…"); *In re Van Brunt*, 46 B.R. 29, 30 (Bankr. W.D. Wis. 1984) ("The Chapter 11 debtor is a fiduciary of his creditors . . . and is obligated to prosecute his bankruptcy proceeding in an expeditious manner") (citations omitted).

40. This case was filed on September 7, 2023. [ECF No. 1]. As of the date of this Motion, the Debtor has failed to file the September 2023 MOR, failed to pay $250.00 in U.S. Trustee fees, failed to provide the Requested Documents reasonably requested by the U.S. Trustee and failed to attend two IDI's, failed to appear and testify at two 341 meeting of creditors, failed to abide by an order of the Court, and failed to file a corporate resolution authorizing the bankruptcy filing. [*See* Cordero Decl., *see also* ECF No. 14 *and* Bankruptcy Docket generally].

41. The Debtor's failure to expeditiously prosecute this case constitutes cause to convert or dismiss this case within the meaning of Sections 1112(b)(1) and 1112(b)(4).

H. **Once Cause is Established, the Debtor has the Burden of Establishing All Elements of the Statutory Defenses Available Under 11 U.S.C. § 1112(b)(2).**

42. Once "cause" is established, the burden then shifts to the debtor to demonstrate

10

that § 1112(b)(2) precludes relief under Section 1112(b)(1). *In re Sanders,* 2013 Bankr. LEXIS 4681 at *18-19. The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. § 1112(b)(1). For the exception to apply: (1) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (2) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for dismissal or conversion can be "cured" within a reasonable time. *See Warren v. Young (In re Warren),* 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving that unusual circumstances are present in the case that render dismissal or conversion not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

43. The record does not disclose any unusual circumstances that would establish justification against granting the relief requested in the Motion. [*See* Bankruptcy Docket *generally*].

I.  **Conversion of the Debtor's Case Is the Appropriate Remedy.**

44. Conversion of this case to Chapter 7 is an appropriate remedy because of the available assets in the Debtor's estate. [*See* ECF No. 1, at p. 11-13 of 35 of the .pdf, ECF No. 21 at pp. 2-5 of 5 of the .pdf]. The appointment of a chapter 7 trustee may effectively liquidate, recover, and/or administer these assets and any other remaining assets for distribution to creditors. *See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (citing 7 Collier on Bankruptcy ¶ 1112.04[7] (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010)) (noting that one factor supporting conversion in lieu of

dismissal is "[t]he ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.").

45. In the alternative, the United States Trustee does not object to the Court dismissing the case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate.

### RESERVATION OF RIGHTS AND REQUEST TO RETAIN JURISDICTION

The U.S. Trustee reserves her rights to take any appropriate action under the Bankruptcy Code, the FRBP, and the local rules of the U.S. Bankruptcy Court and requests that that the Court retain jurisdiction over issues arising under 11 U.S.C. §§ 329, 330 and FRBP 2014, 2016 and 2017, related to payments made to professionals in the event the Court dismisses this case.

### CONCLUSION

**WHEREFORE**, the U.S. Trustee requests that the Court enter an order (a) granting the Motion; (b) converting the case to Chapter 7, or in the alternative, dismissing the case, if the Court ultimately determines that such relief is in the best interests of the Debtor's creditors and the estate; and, (c) granting such other relief as is just under the circumstances.

Date: November 2, 2023              Respectfully Submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ Justin C. Valencia*
    Justin C. Valencia, Esq.
    Trial Attorney for the U.S. Trustee